IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TILDEN JAY (T.J.) POSIN,

    Plaintiff,

v.                                        Civil Action No. 5:11CV96
                                                  (STAMP)

MARTIN P. SHEEHAN, Trustee
of the Bankruptcy Estate
of SAMUEL T. POSIN,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**CONFIRMING THE PRONOUNCED ORDER OF THE COURT**
**GRANTING DEFENDANT'S MOTION TO DISMISS AND**
**DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

I.   Background

On July 13, 2011, the pro se[1] plaintiff, Tilden Jay ("T.J.") Posin, filed a complain requesting that this Court prevent the sale of property located at 28 Clinton Drive, Ohio County, West Virginia, which is scheduled to occur on July 22, 2011 by order of the bankruptcy court. According to the plaintiff, the property is owned by his son, Samuel T. Posin, who has filed for bankruptcy and now faces the potential loss of his home. In the complaint, the plaintiff also states that the defendant has wrongfully attempted to attack and/or seize assets belonging to the plaintiff. Further, the plaintiff alleges that the defendant has taken equity from Samuel Posin's home and wrongfully attempted to redistribute it.

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

On July 15, 2011, the defendant filed a motion to dismiss and motion to conduct expedited hearing. In this motion, the defendant clarifies that he is the trustee of the bankruptcy estate of Samuel Posin, a case currently pending in the bankruptcy court. The defendant claims that the plaintiff lacks standing to complain of the sale of the property at 28 Clinton Drive because he has no ownership interest in the property. The defendant contends that this proceeding was initiated to delay the sale of the real estate and to afford the plaintiff an excuse not to move out prior to July 22, 2011. Also on July 15, 2011, the plaintiff filed a letter regarding the sale of Samuel Posin's home, which this Court has construed as a motion for a preliminary injunction. In this letter, the plaintiff asks this Court to issue a preliminary injunction against the defendant to stop him from selling the property located at 28 Clinton Drive. Following the filing of these two motions, this Court issued an order setting an expedited briefing schedule and scheduling a hearing on July 21, 2011.

Pursuant to this Court's briefing schedule, the defendant filed a response to the plaintiff's motion for a preliminary injunction and the plaintiff filed a response to the defendant's motion to dismiss. In his response, the defendant reiterates that the plaintiff has no legal interest in the house and argues that delaying the sale would interfere with his obligation as trustee to expedite the closing of Samuel Posin's estate. The defendant also

requests that in the event that this Court grants any form of injunctive relief, that the Court require the plaintiff to post a bond pursuant to Federal Rule of Civil Procedure 65(c). The plaintiff's response to the motion to dismiss states that his goal is to prevent the sale of Samuel Posin's home and to defeat the defendant's claims against his assets.

This Court held a hearing on both motions on July 21, 2011. This order confirms the pronounced order of the Court made at the conclusion of that hearing and denies the plaintiff's motion for a preliminary injunction and grants the defendant's motion to dismiss. This Court has carefully reviewed the parties' motions and related memoranda, and because the plaintiff is pro se, this Court has liberally construed the plaintiff's pleadings. See Haines v. Kerner, 404 U.S. 519 (1971) (holding pro se complaint to less stringent standards than formal pleadings drafted by lawyers).

II. Applicable Law

A. Motion to Dismiss

1. Subject Matter Jurisdiction

A party may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(b)(1). The burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss is on the party asserting federal jurisdiction. A trial court may consider evidence by affidavit,

deposition, or live testimony without converting the proceeding to one for summary judgment.  <u>Adams v. Bain</u>, 697 F.2d 1213, 1219 (4th Cir. 1982); <u>Mims v. Kemp</u>, 516 F.2d 21 (4th Cir. 1975).  A lack of subject matter jurisdiction may be asserted at any time by any interested party either in the form of the answer or in the form of a suggestion to the court prior to final judgment.  5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1350, (3d ed. 1998).  Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction.  No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  <u>Materson v. Stokes</u>, 166 F.R.D. 368, 371 (E.D. Va. 1996).  Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.  Fed. R. Civ. P. 12(h)(3).

The <u>Barton</u> doctrine "prohibits a party from suing a trustee in a non-appointing court for acts done in the official capacity of the trustee and within the trustee's authority as an officer of the court." <u>Gordon v. Nick</u>, No. 96-1858, 1998 WL 559734, at *2 (4th Cir. Sept. 2, 1998) (unpublished); <u>see</u> <u>Barton v. Barbour</u>, 104 U.S. 126 (1881).  The <u>Barton</u> doctrine is a jurisdictional one.  <u>Muratore v. Darr</u>, 375 F.3d 140, 148 (1st Cir. 2004).  "A court lacks

4

jurisdiction to hear the case absent leave of the court by which the trustee was appointed." McDaniel v. Blust, No. 1:09CV507, 2010 WL 144352 (M.D. N.C. Jan. 8, 2010) (citing Lawrence v. Goldberg, 573 F.3d 1265, 1269 (11th Cir. 2009)). Courts applying the Barton doctrine have held that the district court in the same federal district as the appointing bankruptcy court is considered a court other than the appointing court for purposes of determining subject matter jurisdiction. See In re Kashini, 190 B.R. 875, 884 (Bankr. 9th Cir. 1995).

2. Failure to State a Claim

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest

5

about the facts or the merits of the case.  5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356 (3d ed. 1998).  The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact.  <u>Id.</u>  For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a).  <u>Id.</u> § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" <u>Giarratano v. Johnson</u>, 521 F.3d 298, 302 (4th Cir. 2008) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" <u>Nemet Chevrolet</u>, 591 F.3d at 256 (quoting <u>Iqbal</u>, 129 S. Ct. at 1949).  Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level."  <u>Twombly</u>, 550 U.S. at 555.

B.  <u>Preliminary Injunction</u>

The United States Court of Appeals for the Fourth Circuit has recognized that "preliminary injunctions are extraordinary remedies involving the exercise of a very far-reaching power to be granted only sparingly and in limited circumstances." <u>MicroStrategy Inc. v. Motorola, Inc.</u>, 245 F.3d 335, 339 (4th Cir. 2001) (quoting <u>Direx Israel, Ltd. v. Breakthrough Med. Corp.</u>, 952 F.2d 802, 816 (4th Cir. 1992)) (internal quotations omitted).

Until 2008, the Fourth Circuit followed the four-factor <u>Blackwelder</u> test in determining whether a preliminary injunction should be granted. See <u>Blackwelder Furniture Co. v. Seilig Mfg. Co., Inc.</u>, 550 F.2d 189 (4th Cir. 1977). These factors were: "(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is not granted; (2) the likelihood of harm to the defendant if the preliminary injunction is granted; (3) the likelihood that plaintiff will succeed on the merits; and (4) the public interest." <u>Id.</u> at 193. In light of the Supreme Court's ruling in <u>Winter v. Natural Resources Defense Council, Inc.</u>, 129 S.Ct. 365 (2008), the Fourth Circuit has abandoned the <u>Blackwelder</u> test in favor of the stricter approach in <u>Winter</u>, which requires that the plaintiff clearly demonstrate that he will likely succeed on the merits. See <u>The Real Truth About Obama, Inc. v. Federal Election Commission</u>, 575 F.3d 342, 346-47 (4th Cir. 2009).

In The Real Truth About Obama, Inc., the Fourth Circuit set forth the equitable factors that a district court must consider when determining whether a temporary restraining order or preliminary injunction should issue. The four factors that the plaintiff must establish to obtain a preliminary injunction under this test are:

> (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.

Id. at 346 (citing Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008)).

The issuance of a preliminary injunction is committed to the sound discretion of the district court. Conservation Council of North Carolina v. Costanzo, 505 F.2d 498, 502 (4th Cir. 1974). If a preliminary injunction is granted, the order granting the same must "(A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail -- and not by referring to the complaint or any other document -- the act or acts restrained or required." See Fed. R. Civ. P. 65(d).

### III. Discussion

A. Motion to Dismiss

  1. Subject Matter Jurisdiction

In his motion to dismiss, the defendant argues that under the Barton doctrine, this Court lacks subject matter jurisdiction over

the complaint because the plaintiff failed to obtain leave from the United States Bankruptcy Court for the Northern District of West Virginia before suing the trustee, defendant Sheehan. Further, the defendant contends that the plaintiff lacks standing to challenge the sale of the property at 28 Clinton Drive because he has no ownership interest therein.

This Court finds that the Barton doctrine applies in the instant case. In Barton, the Supreme Court stated:

> So, in cases of bankruptcy, many incidental questions arise in the course of administering the bankrupt estate, which would ordinarily be pure cases at law, and in respect of their facts triable by jury, but, as belonging to the bankruptcy proceedings, they become cases over which the bankruptcy court, which acts as a court of equity, exercises exclusive control.

Barton, 104 U.S. at 134. A limited exception to the rule announced in Barton was codified in 28 U.S.C. § 959(a) and provides that a trustee may be sued "with respect to any of [his] acts or transactions in carrying on business connected with such property" without prior approval. 28 U.S.C. § 959(a). However, collecting and liquidating assets of the debtor do not constitute "carrying on business." Austrian v. Williams, 216 F.2d 278, 285 (2d Cir. 1954). Similarly, actions taken in the mere continuous administration of property under order of the court do not constitute an "act" or "transaction" in carrying on business connected with the estate. Field v. Kansas City Refining Co., 9 F.2d 213, 216 (8th Cir. 1925); see also In re DeLorean Motor Co., 991 F.2d 1236, 1241 (6th Cir.,

1993). Thus, because the trustee in this case secured an order to convey Samuel Posin's property on July 22, 2011, section 959(a) does not apply. At least one circuit holds that there is a presumption that a trustee is acting within the scope of his or her authority. In re Nat'l. Century Fin. Enterprises, Inc. v. Hampton-Stein, 426 B.R. 282, 292 (Bankr. S.D. Ohio 2010). Based upon the Barton doctrine, because the plaintiff did not get leave of the appointing court before filing the complaint, the complaint must be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

2. <u>Failure to State a Claim</u>

Alternatively, even if this Court had jurisdiction, as to the plaintiff's claim that the bankruptcy court is improperly attempting to seize his assets through an adversary proceeding instituted in the bankruptcy court at 5:11-op-0162, this claim is without merit. First, the trustee has instituted this proceeding against the debtor, Samuel Posin, but also other parties, including T.J. Posin, the plaintiff in this civil action. That action basically seeks the appointment of a receiver to take over the assets of T.J. Posin and to distribute such assets, in cash, to satisfy a joint lien existing against T.J. Posin and Samuel Posin. That action is still ongoing and it appears that the plaintiff has taken an active part in that proceeding, even filing a motion to dismiss the adversary proceeding (Document No. 4 in 5:11-op-0162).

10

The matters before the bankruptcy court in the adversary proceeding are still pending, pending a ruling on the receivership issue by the bankruptcy judge and can be resolved by that court. Accordingly, this Court finds that even if it had jurisdiction, it must dismiss the plaintiff's claim that the bankruptcy court is improperly attempting to seize his assets as the plaintiff has failed to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below under part B, the portion of the complaint seeking to block the court-ordered sale of the 28 Clinton Drive property must also be dismissed under Federal Rule of Civil Procedure 12(b)(6).

B. <u>Motion for Preliminary Injunction</u>

Although this Court need not decide the plaintiff's motion for a preliminary injunction because it does not have subject matter jurisdiction, for the benefit of the <u>pro se</u> plaintiff and the record it will discuss it, nonetheless. At the July 21, 2011 hearing, this Court discussed each of the <u>Real Truth About Obama</u> factors and concluded that the motion for a preliminary injunction must be denied. First, assuming that this Court had jurisdiction over this case, the plaintiff is unlikely to succeed on the merits. The plaintiff himself admits, and the recorded deeds confirm, that he is not the owner of the house at 28 Clinton Drive -- he is only

an occupant.[2]  Because the entire ownership interest in the property is held by Samuel Posin, the plaintiff lacks standing to complain of the sale of the property.  Because the plaintiff is not the owner of the house, he will not suffer irreparable harm in the absence of preliminary relief.  Although the plaintiff may be forced to relocate and suffer some inconvenience, the sale of the residence property will not result in any loss of interest to him.

Third, the balance of the equities does not tip in the plaintiff's favor.  As the trustee of the bankruptcy estate, the defendant has a duty under 11 U.S.C. § 704(a)(1) to collect and reduce to money the property of the estate for the benefit of creditors.  A trustee also has an obligation to close an estate as "expeditiously as possible."  See In re Hutchinson, 5 F.3d 750 (4th Cir. 1993).  Should the trustee be prohibited from or delayed in selling the real estate, this would interfere with his obligation to expedite the closing of the estate.

Finally, an injunction in this case would not be in the best interest of the public.  As a result of Samuel Posin's filing of bankruptcy relief and pursuant to the order of the Honorable Ronald G. Pearson dated March 4, 2011, the trustee was authorized to market Samuel Posin's house.  On May 26, 2011, a motion to sell the

---

[2]It was never made clear whether the plaintiff is occupying the residence as a tenant or whether he is merely occupying the residence without a lease, but only with the permission of his son, Samuel Posin.

property at 28 Clinton Drive was filed stating that the property was to be conveyed on or before July 22, 2011. No objections were submitted to this motion. Judge Pearson granted the motion to sell on June 26, 2011, and no appeal was filed. The plaintiff never sought to intervene in the bankruptcy court proceedings involving the sale. These facts demonstrate that the plaintiff has no basis for asserting that the sale of property occurred too quickly or without giving him an opportunity to object. This Court's finds that the public's interest in adherence to bankruptcy proceedings and orders outweighs the plaintiff's interest in remaining an occupant at 28 Clinton Drive. For these reasons, assuming that the Court had jurisdiction, the motion for a preliminary injunction must be denied.

## IV. Conclusion

For the reasons stated above, the defendant's motion to dismiss is GRANTED and the plaintiff's motion for a preliminary injunction is DENIED. Because this Court lacks subject matter jurisdiction over this action, this Court notes that this Memorandum Opinion and Order does not act as a stay of the bankruptcy court's order authorizing the sale of the property.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court pursuant to Federal Rule of Appellate Procedure 4(a).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail, to the defendant, and to any counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 22, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE